IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR281** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CARLOS SANCHEZ, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 66). The government has adopted the PSR. (Filing No. 67.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections are discussed below.

### ¶¶ *17-24 - Government's Version of the Offense*

The Defendant objects to the government's version of the offense, which the Court is not at liberty to change. The objection is denied.

### ¶¶ *27-33 - Drug Quantities*

The Defendant objects generally to the drug quantities listed in ¶¶ 29-33 as testified to by various trial witnesses, and specifically to the conclusions stated in ¶¶ 27 and 28.

The objection to ¶ 27 is denied. The information does not directly affect the guideline calculation, and the content of that paragraph is reflected in the trial testimony.

The objection to ¶ 28 is denied, as the information does not affect the guideline calculation and is reflected in the trial testimony.

The objection to ¶ 29 is denied, as the information is supported by Christopher Dickey's trial testimony.

The objection to ¶ 30 is denied, as John Wyzykowski testified that he received 9 ounces of cocaine on 3 or 4 occasions from the Defendant, and then 3 ounces on about 15 occasions, and then 9 ounces per week for about a year.

The objection to ¶ 31 is denied, as Eric Everroad testified that he received ½ ounce of cocaine from the Defendant weekly for about 2 months and then 1 ounce weekly for about 1 to 1 ½ years.

The objection to ¶ 32 is denied, as Dickey testified that he received 12 ounces on June 7, 2005, from the Defendant.

Inasmuch as the information objected to was proved at trial beyond a reasonable doubt, and the witnesses were viewed as credible, the Defendant's objections are denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 66) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of September, 2006.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge