## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR281** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CARLOS SANCHEZ, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 107). The Defendant, Carlos Sanchez, Sr., filed a supporting brief (Filing No. 108). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

After a jury trial, the Defendant was convicted of the following counts of the Superseding Indictment: conspiracy to distribute or possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine (Count I); distributing less than 500 grams of a mixture or substance containing cocaine (Count II); and possessing a handgun in furtherance of the drug trafficking crime charged in Count I, Count II, or both Counts I and II (Count III). (Filing No. 62.) The Defendant was sentenced to 151 months

imprisonment on Counts I and II, and to a consecutive term of 60 months on Count III. The Eighth Circuit affirmed this Court's judgment in a per curiam opinion. (Filing No. 98.)

In his § 2255 motion, the Defendant alleges that trial counsel was ineffective in not prevailing with respect to the following matters: Count III (Claim One); the motion for judgment of acquittal (Claim Two); and drug quantity (Claim Three).

## DISCUSSION

In order to establish ineffective assistance of counsel, Sanchez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Claim One: Count III*

Sanchez argues that the jury instructions were deficient because they did not include the "using or carrying" language from 18 U.S.C § 924(c). Sanchez overlooks the fact that the omission of this language was to his advantage. The government decided to pursue only the "possess[ion] . . . in furtherance of" prong of § 924(c). For this reason, and also

because the sufficiency of the evidence issue was decided on direct appeal,[1] this claim is denied.

### *Claim Two: Motion for Judgment of Acquittal*

This issue was decided by the Eighth Circuit on direct appeal and cannot be relitigated in the § 2255 motion.  *Davis,* 406 F.3d at 511; *Bear Stops,* 339 F.3d at 780.  The claim is denied.

### *Claim Three: Drug Quantity*

Sanchez argues that his trial counsel was ineffective in not refuting the drug quantity for which Sanchez was held accountable.  Defense counsel objected to the drug quantity reflected in the PSR.  (Filing No. 66.)  The objections were denied.  (Filing No. 70.)  Sanchez complains that the verdict form did not reflect the specific quantity found at sentencing.  However, the jury verdict properly reflected the statutory quantities, and the quantity for guideline purposes was determined at sentencing.  As the Eighth Circuit stated, the trial witnesses were credible.  The drug quantity was determined in large part based on witness testimony.  Trial counsel properly objected to the drug quantity through the time of sentencing.

## CONCLUSION

It plainly appears that Sanchez is not entitled to relief on his ineffective assistance of counsel claims, as he has not made a showing that counsel performed deficiently.

---

[1] Claims decided on direct appeal cannot be relitigated in § 2255 motion.  *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005); *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003).

THEREFORE, IT IS ORDERED:

1. That the court has completed initial review of the Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 107);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 107) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 10th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge